OPINION
{¶ 1} This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, Pine Avenue Commerce Park, Inc., appeals from a final judgment of the Warren Municipal Court entered in favor of appellee, Jim Jarvis.
 {¶ 2} The following facts are relevant to this appeal. On January 3, 2000, appellant initiated a forcible entry and detainer action against appellee in the Warren Municipal Court. In addition to requesting the return of the premises, appellant also included a claim to recover past due rent totaling $4,700.
 {¶ 3} After appellee filed an answer, the magistrate conducted an eviction hearing and granted appellant restitution of the premises. While appellant's second cause of action was still pending, appellee, with leave of court, amended his answer to include a counterclaim in which he alleged that appellant had failed to make necessary repairs to the leased property, resulting in damages of $7,300 to merchandise stored in the building.
 {¶ 4} The magistrate held a hearing on June 27, 2000, to consider appellant's claim for past due rent and appellee's counterclaim. However, neither appellant, nor the company's attorney, was present at the hearing. Accordingly, the magistrate only heard evidence from appellee on his counterclaim. In a June 20, 2000 decision, the magistrate dismissed the remainder of appellant's complaint for failure to appear and awarded appellee $10,438.29 in damages.
 {¶ 5} Appellant filed objections to the magistrate's decision on July 7, 2000, arguing that it had never received proper notice of a hearing. The trial court considered appellant's objections, determined that a scheduling mistake had been made, and vacated the magistrate's June 20, 2000 decision.
 {¶ 6} The magistrate conducted a new hearing on June 14, 2001. As before, neither appellant, nor its attorney, appeared at this time so the magistrate had appellee proceed ex parte and present evidence in support of his counterclaim. On June 28, 2001, the magistrate issued a decision in which he again recommended that appellant's remaining claim be dismissed and that appellee receive $10,438.29 in damages.
 {¶ 7} Appellant subsequently filed a motion entitled "Objection To Magistrates [sic] Decision Or In The Alternative A Motion To Vacate Judgment Pursuant To Civil Rule 60(B)[.]" In this motion, appellant did not challenge the merits of the magistrate's decision; instead, the company submitted that its failure to appear on June 14, 2001, was based on excusable neglect and "that in the interest of fairness and justice, [appellant] should be granted a new trial to be decided on the merits."
 {¶ 8} Specifically, appellant alleged that after receiving notice of the June 14, 2001 hearing, appellant's attorney forwarded the notice to appellant. In the letter accompanying the notice, appellant's attorney advised the company that he did not believe it was necessary to have counsel at the hearing because appellant was adequately prepared to present its case. As a result, unless otherwise notified, appellant's attorney indicated that he would assume that the parties had settled the case, or that the company planned to proceed without the assistance of counsel. Appellant, however, claimed that despite being prepared to present its case, the company never received the letter from its attorney and was unaware of the June 14, 2001 hearing.
 {¶ 9} The trial court held a hearing on appellant's motion on October 12, 2001. In an abbreviated judgment entry filed October 31, 2001, the trial court overruled "[appellant's] Objections and Motion" and adopted the magistrate's decision.
 {¶ 10} From this judgment, appellant filed a timely notice of appeal with this court. The company now argues under its sole assignment of error that the trial court abused its discretion in adopting the magistrate's decision because it was entitled to relief from judgment on the basis of excusable neglect.
 {¶ 11} Civ.R. 53(E)(3)(a), provides that a party challenging a magistrate's decision may submit written objections within fourteen days of the filing of that decision. The objections must be "specific and state with particularity the grounds of objection." Civ.R. 53(E)(3)(b). If no party files proper objections, the trial court may adopt the magistrate's decision "unless it determines that there is an error of law or other defect on the face of the magistrate's decision." Civ.R. 53(E)(4)(a).
 {¶ 12} As we noted earlier, appellant did not challenge the magistrate's findings of fact or conclusions of law when the company filed its objections to the magistrate's decision. Rather, appellant only asked the trial court to vacate the magistrate's decision pursuant to Civ.R. 60(B), and order a new trial on the merits of the case.
 {¶ 13} Civ.R. 60(B), however, cannot be used to challenge a magistrate's decision because it only applies to "a final judgment, order or proceeding[.]" In other words, because a trial court must first review a magistrate's decision and then adopt, reject or modify it, the magistrate's decision is not a final judgment for purposes of Civ.R. 60(B). See, e.g., Quist v. Phillips, 9th Dist. No. 20761, 2002-Ohio-952;Agarwal v. Bansal (Mar. 30, 2001), 10th Dist. No. 00AP-732, 2001 WL 309956.
 {¶ 14} Here, at the time appellant filed its objections, there was no final judgment from which to seek relief. Accordingly, if appellant wanted the trial court to reject or modify the magistrate's decision, the company should have filed specific objections, along with a transcript of the proceedings, with respect to the magistrate's findings of fact and conclusions of law. Filing a motion asking the trial court to vacate a magistrate's decision is "not the proper means to secure the relief sought by [appellant]." Sheet Metal Workers Loc. No. 33 Apprenticeship Training Committee v. Vance (Sept. 30, 1999), 7th Dist. No. 97-CA-125, 1999 WL 803437, at 4. Such a motion should have been filedafter the trial court entered a final judgment adopting the magistrate's decision.
 {¶ 15} Moreover, our review of the magistrate's decision, reveals no obvious error of law or other defect on its face. Thus, even if appellant had a valid reason for failing to appear at the June 14, 2001 hearing (an issue we need not address under the circumstances), the trial court did not abuse its discretion in adopting the magistrate's decision.
 {¶ 16} Based on the foregoing analysis, appellant's sole assignment of error is without merit. The judgment of the trial court, therefore, is affirmed.
WILLIAM M. O'NEILL, P.J., DONALD R. FORD, J., concur.